**IN THE UNITED STATES DISTRCIT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| RUTH HATTON | ) | Case No.: 3:20-cv-00411 |
| | ) | |
| Plaintiff, | ) | JUDGE: |
| | ) | |
| vs. | ) | |
| | ) | **NOTICE OF REMOVAL** |
| MCS TRUCKING, ET AL. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendants, Gerardo Hernandez DBA MCS Trucking (incorrectly identified as MCS Trucking in Plaintiff's Complaint) and Elmer Hernandez (collectively "Defendants"), by and through undersigned counsel, hereby remove the proceeding pending before the Court of Common Pleas, Montgomery County Ohio, Case No. 2020 CV 0338, to the United States District Court for the Southern District of Ohio, Western Division pursuant to 28 U.S.C. § 1441, § 1446, and § 1332, as there exists complete diversity of citizenship and the amount in controversy exceeds the sum or value of $75,000.  In support, Defendants aver the following:

**PROCEDURAL HISTORY**

1.	On August 28, 2020, Plaintiff filed Case No. 2020 CV 0338 in the Court of Common Pleas for Montgomery County, Ohio.  Plaintiff's Complaint states that it is a Complaint for personal injuries, and names Defendant Gerardo Hernandez DBA MCS Trucking, Elmer Hernandez, Allstate Insurance, and United Healthcare Insurance as Defendants.  See Plaintiff's Complaint, attached at **Exhibit A.**

2.	Plaintiff's First Claim for Relief asserts negligence claims against Defendants relating to an automobile accident that occurred on April 7, 2019 in Montgomery County, Ohio.

1

(Ex. A, ¶¶ 1-6). Defendants are the only defendants that Plaintiff's Complaint asserts there is a basis for liability against. (Ex. A, *generally*).

3. In her Complaint, and as the result of Defendants' alleged negligence, Plaintiff asserts she has incurred damages in an amount in excess of $25,000, in the form of the following specific damages:

   a. Severe and permanent injuries;

   b. Great pain and suffering, both physical and emotional, and loss of the ability to perform usual functions and the injuries will cause further pain and suffering and loss of ability to perform usual functions in the future;

   c. Reasonable and necessary medical expenses in an amount not yet determined, as well as further medical expenses to be incurred in the future;

   d. Property damage in an amount yet to be determined;

   e. Loss of wages and earnings in an amount yet to be determined, as well as further loss of wages and earnings in the future;

   f. Miscellaneous out of pocket expenses in an amount yet to be determined.

(Ex. A, ¶ 5).

4. Plaintiff's Second Claim for Relief is a declaratory judgment action asking this Court to determine if Plaintiff is eligible for payment of funds under an uninsured/underinsured provision of her automotive insurance policy with Defendant Allstate Insurance. (Ex. A, ¶¶ 7-15).

5. Plaintiff's Third and Fourths Claims for Relief do not assert any causes of action, and instead are alleged solely for the purposes of putting Defendants Allstate Insurance and United Healthcare Insurance of potential subrogation rights. (Ex. A, ¶¶ 16-23).

## LEGAL STANDARD FOR REMOVAL

6.     28 § U.S.C. § 1441(a) provides that "…any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending."

7.     28 U.S.C. § 1332(a)(1) provides that: "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000…and is between citizens of different States."

## AMOUNT IN CONTROVERSY EXCEEEDS JURISDICTIONAL MINIMUM

8.     The burden to prove that the amount in controversy exceeds $75,000.00 is on the moving party, or in this case Defendants.  See *Halsey v. AGCO Corp.,* No. 17-6403, 2018 U.S. App. LEXIS 31679, *5 (6th Cir. November 8, 2018).  Courts have recognized that "this is not a 'daunting burden' that requires the defendants to 'research, state and prove the plaintiff's claim for damages.'" *Id*. (citations omitted).  "Instead, the defendants need only 'show that it is 'more likely than not' that the plaintiff's claims' exceed $75,000." *Id*.

9.     Courts recognize that a moving party meets this burden and it is facially apparent that the amount in controversy exceeds $75,000 where a plaintiff's complaint includes unspecified damages and serious or permanent bodily injury.  See *Gebbia v. Wal-Mart Stores, Inc*., 233 F.3d 880, 883 (5th Cir. 2000) (holding that jurisdictional amount was facially apparent where plaintiff alleged unspecified damages arising out of medical expenses and permanent disability); *Monvoy v. Cont'l Airlines, Inc.,* No. 2:09-CV-072, 2009 U.S. Dist. LEXIS 55649 (S. D. Ohio June 12, 2009)(holding it was facially apparent from plaintiff's complaint that

jurisdictional minimum requirement was met where plaintiff sought damages in excess of $25,000 for "permanent physical injuries.").

10. Here, the Plaintiff claims injuries and/or damages in an amount in excess of $25,000.00. (Ex. A, ¶ 5). Specifically, Plaintiff alleges that she sustained at least 6 categories of damages, including "severe and permanent injuries." (Ex. A, ¶ 5). She also alleges she anticipates she will continue to incur additional damages and expense into the future. (Ex. A, ¶ 5). Given the allegations contained in Plaintiff's Complaint, it facially apparent and more likely than not that the amount in controversy, exclusive of costs and interests, is in excess of $75,000.00.

## **PLAINTIFF AND DEFENDANTS ARE DIVERSE IN CITIZENSHIP**

11. According to Plaintiff's Complaint, she is a resident of the State of Ohio. (Ex. A at caption).

12. Defendant Gerardo Hernandez DBA MCS Trucking is a resident of the State of Texas. (*Id.*).

13. Defendant Elmer Hernandez is a resident of the State of Missouri. (*Id.*).

14. Plaintiff contends that Defendant Allstate Insurance is domiciled in the State of Texas, and that Defendant United Healthcare Insurance is domiciled in the State of Alabama. (*Id.*).

15. No Defendant is a resident of or domiciled in the State of Ohio.

16. Consequently, Plaintiff and Defendants are diverse in citizenship as defined by 28 U.S.C. § 1441(a) and (b), and § 1332.

**REMOVAL IS TIMELY**

17. Defendant Gerardo Hernandez DBA MCS Trucking was served with the Summons and Complaint on September 8, 2020. See Court Docket, attached at **Exhibit B.**

18. Therefore, Defendants' Notice of Removal is timely, having been filed with this Court within 30 days of service of the Complaint as required by 28 U.S.C. § 1446(b).

**CONSENT OF OTHER NOMINAL PARTY-DEFENDANTS IS NOT REQUIRED**

19. Generally, 28 U.S.C. § 1446(b) requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action."

20. Here, the Court's Docket indicates that Defendant United Healthcare has not yet been served and thus, Defendants were not required to obtain its consent. (Ex. B).

21. Defendants are also not required to obtain the consent of Defendant Allstate Insurance because it is considered a nominal party under the law.

22. Courts have acknowledged that "'nominal parties are excepted from the requirement that all defendants join in or consent to removal to federal court.'" *Beasley v. Wells Fargo Bank, N.A.,* No. 3:17-cv-00726, 2017 U.S. Dist. LEXIS 95841, (M.D. Tenn. June 21, 2017); citing *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.,* 736 F.3d 255, 257 (4th Cir. 2013). "Although the Sixth Circuit does not appear to have precisely defined the term, 'nominal party,' several other circuits have held that a defendant is nominal if 'there is no real basis for liability against that defendant or where that defendant's interests are not genuinely adverse to the plaintiff.'" *Id.* at 8; citing *Geiman v. N. Ky. Water Dist.,* No. 2:13-cv-177, 2014 U.S. Dist. LEXIS 197177 (E.D. Ky. Jan. 16, 2014). "Determining nominal party status is a practical inquiry, focused on the particular facts and circumstances of a case…" *Hartford Fire Ins. v. Harleysville Mut. Ins. Co.,* 736 F.3d 255 at 260-61.

23. Here, the nature of the Plaintiff's claims and the true controversy at the heart of this action can be found in the title to Plaintiff's Complaint – which unequivocally states that her Complaint is seeking to recover for personal injuries she sustained in a car accident. (Ex. A). The only individuals that Plaintiff asserts are liable for damages in personal injury are Defendants Gerardo Hernandez DBA MCS Trucking and Elmer Hernandez. (Ex. A, ¶¶ 1-6).

24. Plaintiff does not allege that there is any basis for liability against Defendant Allstate Insurance, nor does she seek to recover from Defendant Allstate Insurance damages for her personal injury claims. To the contrary, Plaintiff's first "claim for relief" against Defendant Allstate Insurance is merely a declaratory judgment action asking the court to determine whether "Plaintiff is legally entitled to recover damages or the amount of damages pursuant to the conditions of the underinsured motorist provision of Defendant, Allstate's automobile liability policy of insurance and/or general liability insurance policy." (Ex. A, ¶¶ 7-15). This cannot be determined until the underlying liability claims against Defendants are determined. Thus, Defendant Allstate Insurance is not a necessary party to this action.

25. Plaintiff's second "Claim for Relief" asserted against Defendant Allstate Insurance contains allegations putting Defendant Allstate Insurance on notice of its potential subrogation rights. (Ex. A, ¶¶ 16-19). Plaintiff seeks no damages from Defendant Allstate Insurance.

26. Consequently, Defendants were not required to obtain consent from Defendant Allstate Insurance because it is considered to be a nominal party under the law.

**ALL OTHER CONDITIONS PRECEDENT TO REMOVAL ARE SATISFIED**

27. The United States District Court of the Southern District of Ohio, Western Division has been given original subject matter jurisdiction in this action pursuant to 28 U.S.C. § 1332 and removal is proper under 28 U.S.C. §1441(a).

28. A true and accurate copy of this Notice of Removal will be filed with the Montgomery County Common Pleas Court, and with the Clerk of Courts of the United States District Court for the Southern District of Ohio, Western Division as required by law.

Based on the foregoing, this action is properly removed from the Court of Common Pleas for Montgomery County, Ohio to the United States District Court for the Southern District of Ohio, Western Division for all further proceedings.

Respectfully Submitted,

*/s/ Jonathan M. Menuez*
Jonathan M. Menuez (0064972)
Ashley C. Wakefield (0093761)
SUTTER O'CONNELL
1301 E. 9th Street
3600 Erieview Tower
Cleveland, OH  44114
(216) 928-2200
Fax (216) 928-4400
jmenuez@sutter-law.com
awakefield@sutter-law.com

*Attorneys for Defendants Gerardo Hernandez dba MCS Trucking and Elmer Hernandez*

**CERTIFICATE OF SERVICE**

A copy of the foregoing *Notice of Removal* has been sent via regular U.S. mail and electronic mail this 6th day of October, 2020 to:

Jack J. Lah
The Attkisson Law Firm LLC
3033 Kettering Blvd., Ste 213
Dayton, Ohio 45349
jack@attkissonlawfirm.com

*Attorney for Plaintiff*

Allstate Insurance
P.O. Box 660636
Dallas, Texas 75266

*Defendant*

United Healthcare Insurance
1720 2nd Ave South
Birmingham, Alabama 35294

*Defendant*

> */s/ Jonathan M. Menuez*
> Jonathan M. Menuez
>
> *Attorney for Defendants Gerardo Hernandez DBA MCS Trucking and Elmer Hernandez*